IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GREGORY WAYNE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-00790-CV-RK |
| | ) | |
| | ) | |
| STATE OF MISSOURI, CONSUMER PROTECTION DIVISION; | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Before the Court is Defendant State of Missouri, Consumer Protection Division ("Defendant")'s Motion to Dismiss. (Doc. 12.) The Motion to Dismiss is fully briefed. (Docs. 13, 15, 16.) After careful consideration and for the reasons below, the Motion to Dismiss (Doc. 12) is **GRANTED**, and this case is **DISMISSED without prejudice**.

### Background

Plaintiff filed this action in this Court on October 25, 2018. (Doc. 4.) After receiving leave to amend, Plaintiff filed his Amended Complaint on November 13, 2018. (Doc. 7.) Plaintiff alleges Defendant violated Plaintiff's Fourteenth Amendment equal protection rights. Plaintiff alleges that Defendant failed to properly respond to Plaintiff's grievances concerning a series of incidents that occurred at Plaintiff's residence at the Welcome Home Estates in Grandview, Missouri. Plaintiff alleges that Defendant's failure to properly respond to Plaintiff's grievances violated the Fourteenth Amendment.

Defendant argues dismissal is proper because this Court lacks subject matter jurisdiction over this action as Defendant is entitled to sovereign immunity. Defendant also argues that even if the Court finds it has subject matter jurisdiction over the case, Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6).

### Legal Standard

"A Rule 12(b)(1) motion challenges the federal court's subject matter jurisdiction over a cause of action." *Knox v. St. Louis City Sch. Dist.*, 2018 U.S. Dist. LEXIS 209123, at *2 (E.D. Mo. Dec. 12, 2018). When asserting a Rule 12(b)(1) motion to dismiss, the defendant must

either attack the facial or factual basis for subject matter jurisdiction. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). The plaintiff has the burden of proving subject matter jurisdiction regardless of whether the defendant makes a facial or factual attack. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F. 3d 1109, 1112 (8th Cir. 2000). During a facial attack, "the court restricts itself to the face of the pleadings, and the nonmoving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)."[1] *Jones v. United States*, 727 F.3d 844, 846 (8th Cir. 2013) (internal quotation marks and citation omitted).

## Discussion

**A. Fed. R. Civ. P. 12(b)(1) – Lack of Subject Matter Jurisdiction**

"Under the Eleventh Amendment and constitutional principles of sovereign immunity, an unconsenting State is immune from suits brought in federal courts by her own citizens." *Fryberger v. Univ. of Arkansas*, 889 F.3d 471, 473 (8th Cir. 2018). "A suit generally may not be maintained directly against the state itself, or against an agency or department of the State, unless the State has waived its sovereign immunity." *Florida Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982) (per curiam). "An effective waiver of sovereign immunity requires an "intentional relinquishment or abandonment of a known right or privilege." *Doe v. Nebraska*, 345 F.3d 593, 600 (8th Cir. 2003). "In assessing whether there has been a knowing waiver of sovereign immunity, courts must 'indulge in every reasonable presumption against waiver.'" *Id.* (citation omitted). "A state may waive its immunity by explicitly specifying its intention to subject itself to suit or by voluntarily participating in federal spending programs where Congress expressed a clear intent to condition receipt of federal funds on a state's consent to waive its sovereign immunity." *Id.* at 597. It is Plaintiff's burden to show that Defendant has waived sovereign immunity or that a statutory exception to immunity applies. *Johnson v. City of Ferguson*, 2016 U.S. Dist. LEXIS 33011, at *30-31 (E.D. Mo. Mar. 15, 2016).

Here, Plaintiff's suit against Defendant is a suit against the State. Plaintiff has neither alleged that Defendant waived sovereign immunity nor that an exception to sovereign immunity applies. Further, while Plaintiff captions this action with Defendant State of Missouri, Consumer Protection Division as the only defendant in this case, Plaintiff' Amended Complaint alleges "[t]he

---

[1] Here, Defendants are asserting a facial attack because Defendants allege the Amended Complaint, on its face, is insufficient to survive a 12(b)(1) motion to dismiss. Defendants do not make any arguments or reference any facts that fall outside of the Amended Complaint.

defendant in this case is Mr. Joshua D. Hawley, Missouri's Attorney General." (Doc. 7, ¶ 2.) While Defendant Hawley is an individual, he is named in his role as Attorney General. Therefore, the suit against Defendant Hawley is a suit against him in his official capacity as attorney general. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) ("[i]f a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, we interpret the complaint as including only official-capacity claims" (internal quotation marks and citation omitted). When state officials are sued in their official capacities, sovereign immunity bars damages actions against them. *Brock v. Spalding*, 2018 U.S. Dist. LEXIS 102074, at *3 (W.D. Mo. June 19, 2018). Accordingly, no matter whether Plaintiff sued the State itself or the Attorney General, Plaintiff's suit is barred by sovereign immunity. Therefore, this Court lacks subject matter jurisdiction over this case.

### B. Fed. R. Civ. P. 12(b)(6) – Failure to State a Claim

Because the Court has determined it does not have subject matter jurisdiction over this case, the Court cannot adjudicate the merits of Defendant's Rule 12(b)(6) argument. *See Bright v. United States Dep't of Treasury*, 2018 U.S. Dist. LEXIS 174103 (W.D. Mo. Oct. 10, 2018).

### Conclusion

Accordingly, after careful consideration, the Motion to Dismiss (Doc. 12) is **GRANTED**, and this case is **DISMISSED without prejudice.** The Clerk's Office is directed to mail a copy of this Order to Plaintiff via regular mail.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: June 5, 2019